UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARR CLIFTON, <br><br> Plaintiff, <br><br> v. <br><br> HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, <br><br> Defendant. | Case No. 3:15-cv-03985-LB <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> [Re: ECF No. 18] |

## INTRODUCTION

Carr Clifton is a photographer who licensed many of his photographs to book publisher Houghton Mifflin Harcourt Publishing Company ("HMH"). These licenses were limited in scope, and Mr. Clifton alleges HMH exceeded this scope without his permission and therefore violated his copyrights in his photographs. HMH filed a motion to dismiss Mr. Clifton's complaint because, HMH argues, the complaint does not contain sufficient factual allegations to raise a plausible claim for relief. The court disagrees and denies HMH's motion.

## STATEMENT

Mr. Clifton is a professional photographer who makes his living licensing his photographic images to publishers, including HMH. (Complaint, ECF No. 1, ¶ 2.)[1] He is the owner of

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:15-cv-03985-LB)

1  copyrights in the 30 photographic images ("Photographs") depicted in Exhibit 1 to his complaint.
2  (*Id.* ¶ 6, Ex. 1.) Exhibit 1, which is incorporated in the complaint, is a chart containing the
3  following information for each of the 30 Photographs: (1) a thumbnail image of the Photograph;
4  (2) an Image ID for and description of the Photograph; (3) the copyright registration number and
5  date of the Photograph; (4) an invoice number and date for the Photograph; (5) the imprint under
6  which the Photograph was published; (6) the name of the publication in which the Photograph was
7  published; and (7) the limits imposed by the license for the Photograph. (*Id.* ¶ 10, Ex. 1.)

8  "Between 1996 and 2008, in response to permission requests from HMH, [Mr.] Clifton sold
9  HMH limited licenses to use copies of the Photographs in particular educational publications
10 identified in HMH's requests and [Mr.] Clifton's licenses." (*Id.* ¶ 7.) "The licenses [Mr.] Clifton
11 granted HMH were expressly limited by number of copies, distribution area, language, duration,
12 and/or media, as summarized in Exhibit 1." (*Id.*)

13 "Upon information and belief, shortly after obtaining the licenses from [Mr.] Clifton, HMH
14 exceeded the licenses and infringed [Mr.] Clifton's copyrights in various ways, including:

15     a. printing more copies of the Photographs than Clifton authorized;
16     b. distributing publications containing the Photographs outside the authorized distribution area;
17
18     c. publishing the Photographs in electronic, ancillary, or derivative publications without permission;
19     d. publishing the Photographs in international editions and foreign publications without permission; [and]
20
21     e. publishing the Photographs beyond specified time limits.

22 (*Id.* ¶ 8.) In addition, "[u]pon information and belief, after obtaining access to the Photographs,
23 HMH used the Photographs without any license or permission in additional publications that have
24 not yet been identified." (*Id.* ¶ 9.) "Because HMH alone knows of these wholly unauthorized uses,
25 [Mr.] Clifton cannot further identify them without discovery." (*Id.*)

26 Because of this conduct, Mr. Clifton sued HMH for copyright infringement in violation of the
27 Copyright Act of 1976, 17 U.S.C. §§ 501 et seq. (*Id.* ¶¶ 11-13.) HMH filed a motion to dismiss
28 Mr. Clifton's complaint. (Motion, ECF No. 18.)

ORDER (No. 3:15-cv-03985-LB)

2

**GOVERNING LAW**

**1. Motion to Dismiss**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, "'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**2. Copyright Act**

The Copyright Act of 1976 provides that "the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . ." 17 U.S.C. § 106. "'Anyone who violates any of the exclusive rights of the copyright owner,' that is, anyone

ORDER (No. 3:15-cv-03985-LB)

3

1 who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work .

2 . . . 'is an infringer of the copyright.'" *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S.

3 417, 433 (1984) (quoting 17 U.S.C. § 501(a)). "A licensee infringes the owner's copyright if its

4 use exceeds the scope of its license." *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir.

5 1989) (citing *Gilliam v. American Broad. Cos.*, 538 F.2d 14, 20 (2d Cir. 1976)).

    To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a
valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

## ANALYSIS

### 1. Whether Mr. Clifton Alleges a Plausible Claim for Relief

HMH does not argue that Mr. Clifton's allegations of copyright ownership are deficient; the court in any event finds that the allegations are sufficient. (*See* Complaint, ECF No. 1, ¶ 6, Ex. 1 (setting forth the copyright numbers and registration dates for 30 Photographs).) HMH instead challenges the "copying" element, arguing that Mr. Clifton does not allege a plausible claim for relief because he did not allege facts—such as "which photographs were printed, when they were printed, how many copies were printed, [or] where the photographs were distributed"—to support his "conclusory" allegation that HMH exceeded the scope of the licenses for the Photographs. (Motion, ECF No. 18 at 6-7.) Essentially, HMH contends that all of Mr. Clifton's infringement-related allegations, made "on information and belief," are conclusory and lacking in factual support. (*See id.*)

Post *Twombly* and *Iqbal*, the Ninth Circuit has not considered the sufficiency of similar allegations made on "information and belief." The Second Circuit has, holding (in a copyright case) that the *Twombly* and *Iqbal* plausibility standard allows factual allegations made "upon information and belief" where (1) "the facts are peculiarly within the possession and control of the defendant," or (2) "where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Several lower courts, including at least one in this district, have followed this approach. *See Cisco Sys., Inc. v. STMicroeletronics, Inc.*, No. C-14-03236-RMW, 2015 WL 3488923, at *4 (N.D. Cal. June

ORDER (No. 3:15-cv-03985-LB)    4

1   2, 2015); *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 355-56

2   (S.D.N.Y. 2014); *Frerck v. Pearson Educ., Inc.*, No. 11-cv-5319, 2012 WL 1280771, at *3 (N.D.

3   Ill. Apr. 16, 2012). A leading treatise endorses it. *See* Wright & Miller, 5 Fed. Prac. & Proc. Civ. §

4   1224 (3d ed. 2015). The court applies the approach here.

5       Mr. Clifton alleges that (1) he entered into license agreements with HMH allowing HMH to

6   publish 30 of his Photographs, (2) those licenses all contained limitations regarding the number of

7   times, how, and where HMH could publish them, and (3) HMH exceeded those licenses by

8   exceeding those limitations. These allegations put HMH on notice about how it infringed his

9   copyrights. (*See* Complaint, ECF No. 1, ¶¶ 8-9.) And the court must assume the veracity of Mr.

10  Clifton's factual, as opposed to conclusory, allegations. *See Eclectic Properties East, LLC v.*

11  *Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

12      After *Twombly* and *Iqbal*, in the book publishing context, numerous courts have denied

13  motions to dismiss copyright infringement claims where the plaintiff alleged, as Mr. Clifton does

14  here, that the defendant exceeded the limitations in licenses for photographs by, for example,

15  printing more copies of the publication than authorized, publishing the photographs in derivative

16  publications without permission, and distributed the publication outside of the authorized

17  distribution area. *See*, *e.g.*, *Young-Wolff v. McGraw-Hill Sch. Educ. Holding, LLC*, No. 13-CV-

18  4372 (KMW), 2015 WL 1399702, at *3 (S.D.N.Y. Mar. 27, 2015); *Lefkowitz*, 23 F. Supp. 3d at

19  353-54; *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 618 (S.D.N.Y. 2013); *Schneider*

20  *v. Pearson Educ., Inc.*, No. 12 Civ. 6392(JPO), 2013 WL 1386968, at *1, *3 (S.D.N.Y. Apr. 5,

21  2013); *Frerck*, 2012 WL 1280771, at *1, *3; *Pac. Stock, Inc. v. Pearson Educ.*, Inc., No. 11-00423

22  SOM/BMK, 2012 WL 93182, at *6 (D. Haw. Jan. 11, 2012); *Wu v. Pearson Educ., Inc.*, No. 09

23  Civ. 6557(RJH), 2010 WL 3791676, at *6 (S.D.N.Y. 2010). Conversely, courts that have granted

24  motions to dismiss copyright infringement claims in the publishing context have done so when the

25  plaintiff alleged only generally that the defendant exceeded the license limitations and did not

26  allege how the defendant did so. *See*, *e.g.*, *Palmer Cane LLC v. Scholastic Corp.*, No. 12 CV 3890,

27  2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013); *Cole v. John Wiley & Sons, Inc.*, No. 11

28  Civ.2090(DF), 2012 WL 3133520, at *12-*14 (S.D.N.Y. Aug. 1, 2012) (defects included failure

ORDER (No. 3:15-cv-03985-LB)

5

1    to specify works that were the subject of the plaintiff's claims and failure to allege infringing acts);

2    *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230-31 (S.D.N.Y. 2000).

3    In its reply, HMH suggests that Mr. Clifton, before filing suit, should have investigated

4    himself "whether the books in question had many editions that included the [P]hotographs,

5    whether the [P]hotographs appeared in foreign language or overseas editions, whether the

6    [P]hotographs appeared in electronic editions, and whether the [P]hotographs are still being used,

7    etc." (Reply, ECF No. 25 at 5 n.1.) Even if Mr. Clifton could discover these facts (and it is not

8    apparent that he could), this is not his burden at this stage. *See Arista Records*, 604 F.3d at 120-21

9    (rejecting the defendant's "contention that *Twombly* and *Iqbal* require the pleading of specific

10   evidence or extra facts beyond what is needed to make the claim plausible"). Instead, he must

11   allege a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Ultimately, "[d]etermining whether a

12   complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

13   reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Here, Mr.

14   Clifton has alleged what he can, based on the information he has. The additional facts needed to

15   substantiate his "information and belief" allegations are "peculiarly within the possession and

16   control" of HMH. The court concludes that Mr. Clifton alleged a plausible claim for relief.

17   **2. Mr. Clifton Need Not Have Pleaded around HMH's Statute-of-Limitations Defense**

18   HMH also argues that Mr. Clifton's allegations suggest that the infringing acts occurred many

19   years ago and thus his claim is barred by the Copyright Act's three-year statute of limitations.

20   (Motion, ECF No. 18 at 7-8.) HMH notes that Mr. Clifton alleges that HMH exceeded the licenses

21   and infringed on his copyrights "shortly after" Mr. Clifton and HMH entered into the license

22   agreements. (*Id.* at 7 (citing Complaint, ECF No. 1, ¶ 8.).) HMH then highlights that the parties

23   entered into these license agreements between 1996 and 2008. (*Id.* (citing Complaint, ECF No. 1,

24   ¶ 7, Ex. 1).) According to HMH, this temporal allegation means that the statute of limitations

25   defense is apparent on the face of Mr. Clifton's complaint and can be considered now. (*Id.* at 7-8

26   (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of the

27   statute is apparent on the face of the complaint, the defense may be raised by a motion to

28   dismiss.").) Because the last license agreement was entered into in 2008 and Mr. Clifton fails to

ORDER (No. 3:15-cv-03985-LB)

6

allege any infringing activity within three years from the date he filed his complaint or otherwise plead around the statute of limitations, HMH contends that Mr. Clifton's claim is barred. (*Id.* at 8.)

"When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013); *accord Gomez v. Quicken Loans, Inc.*, --- Fed. App'x ----, ----, 2015 WL 6655476, at *1 (9th Cir. Nov. 2, 2015) ("An affirmative defense cannot serve as a basis for dismissal unless it is obvious on the face of the complaint.").

Here, the statute-of-limitations defense is not obvious from the face of the complaint. The complaint's allegations, which define the beginning of the infringement as "shortly" after the license agreements, leave open the possibility that HMH's infringing acts continued into the limitations period. Moreover, the allegations are silent about when Mr. Clifton discovered or should have discovered any infringement at some particular time. Consequently, there are insufficient facts to allow the court to dismiss the complaint (at least now) based on the defense's affirmative defense on which they bear the burden of proof. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."); s*ee Coleman v. Kohl's Dep't Stores, Inc.*, No. 15-cv-02588-JCS, 2015 WL 5782352, at *4 (N.D. Cal. Oct. 5, 2015) (denying the defendant's motion to dismiss on statute of limitations grounds where it was not obvious from the face of the complaint when the alleged violation occurred); *Harris v. Home Depot U.S.A., Inc.*, No. 15-cv-01058-VC, --- F. Supp. 3d ----, ----, 2015 WL 4270313, at *1 (N.D. Cal. June 30, 2015) (same).

## CONCLUSION

The court denies HMH's motion to dismiss. This disposes of ECF No. 18.

**IT IS SO ORDERED.**

Dated: December 23, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (No. 3:15-cv-03985-LB)

7